Louis H. Arnold, Plaintiff, *v.* Benjamin Feingold, Trading under the Firm Name and Style of Commonwealth Company, Defendant.

City Court of New York, New York County, July 15, 1933.

*Jay Cohen* [*Sanford H. Cohen* of counsel], for the plaintiff.

*Adolph Hirsch Rosenfeld,* for the defendant.

LaFetra, Ch. J. This action was commenced to recover the sum of $2,200 and interest. Plaintiff was the owner and entitled to the immediate possession of a diamond bracelet. He delivered it under the usual jeweler's memorandum to a Mr. Kramer, who in turn under a similar agreement delivered it to a third party. The latter pledged it with the defendant, a pawnbroker, for an advance of $2,000. Upon discovery of the article in the possession of the pawnbroker, the plaintiff demanded its return. Upon refusal and to insure its immediate return he was compelled to pay the advance and in addition $200, the usual pawnbroker's interest.

None of the parties as against the plaintiff had authority to pledge or to accept the bracelet as a pledge. They were without power either to pass title or to burden it with a loan. Kramer had a mere right of possession and the subsequent parties acquired no greater right that he possessed.

In *Smith* v. *Clews* (114 N. Y. 190, 194) the court said: " Mere possession has never been held to confer power to sell, and an unauthorized sale, although for a valuable consideration, and to one having no notice that another is the true owner, vests no higher title in the vendee than was possessed by his vendor."

The same principle was enunciated in *Utica Trust & Deposit Co.* v. *Decker* (244 N. Y. 340, 348) and in *Green* v. *Wachs* (254 id. 437, 440, 441).

The payment to redeem the pledge was not a voluntary proffer but was one made under duress. In *Scholey* v. *Mumford* (60 N. Y. 498, 501), Judge Rapallo, writing upon the subject, said: " To constitute a voluntary payment the party paying must have had the freedom of exercising his will. When he acts under any species of compulsion the payment is not voluntary. If a party has in his possession goods, or other property, belonging to another, and refuses to deliver such property to that other unless the latter pays him a sum of money which he has no right to receive, and, in order to obtain possession of his property, he pays that sum, the money so paid is a payment made by compulsion, and may be recovered

back." (See, also, *United States Nickel Co.* v. *Barrett*, 86 Misc. 337; *Cowley* v. *Fabien*, 204 N. Y. 566, 575.)

The defendant solely relied upon mere possession as evidence of title and in that respect failed to perform the duty imposed upon him to investigate the authority of the pledgor to burden the title with a loan. The various dealings with the pledgor were sufficient to have created a well-grounded suspicion as to the presumed ownership. To hold otherwise would discourage business between reputable merchants.

As was said in *Rogers* v. *Adams* (119 Misc. 77, 81): " The failure to make reasonable inquiry under the circumstances deprives them of the status of the *bona fide* purchaser without notice, and charges them with a negligence at the time of purchase of the legal title, which, while amounting to less than a deliberate shutting of the eyes to avoid light, amounts to a failure of what the reasonably prudent man would do in the exercise of an ordinary diligence. When inquiry is a duty, the party bound to make it is ' affected with knowledge of all which he would have discovered had he performed the duty. Means of knowledge, with the duty of using them, are in equity equivalent to knowledge itself.' " (See, also, *Fidelity & Deposit Co.* v. *Queens Co. Trust Co.*, 226 N. Y. 225, 232, 233; *First National Bank* v. *National Broadway Bank*, 156 id. 459.)

Judgment is accordingly directed in favor of the plaintiff and against the defendant for the sum of $2,200, together with interest amounting to the sum of $955, making a total of $3,155, to which the defendant is granted an exception. Ten days' stay of execution and sixty days to make a case.